**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MED VETS, INC.; BAY MEDICAL SOLUTIONS, INC., | No. 19-16060 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-02054-MMC |
| v. | MEMORANDUM[*] |
| VIP PETCARE HOLDINGS, INC.; PETIQ, INC., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted June 9, 2020
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and SCHILTZ,[**] District Judge.

Med Vets, Inc. and Bay Medical Solutions, Inc. (collectively, "Med Vets")

brought this action against VIP Petcare Holdings, Inc. and PetIQ, Inc. for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, sitting by designation.

monopolization, attempted monopolization, and unlawful merger, in violation of Section 2 of the Sherman Act and Section 7 of the Clayton Act. 15 U.S.C. §§ 2, 18. The district court dismissed the complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. We review the district court's dismissal of the complaint de novo. *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018). We accept the allegations in the complaint as true and construe them in the light most favorable to Med Vets. *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Hicks*, 897 F.3d at 1117 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

To state a claim under the statutes Med Vets has invoked, a plaintiff must plausibly allege that defendants have power within the relevant market—that is, the market that "encompass[es] the product at issue as well as all economic substitutes for the product." *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1044–45 (9th Cir. 2008); *see also Saint Alphonsus Med. Ctr.–Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 783–86 (9th Cir. 2015). Market power is the ability of a seller to "'raise price[s] and restrict output,'" which "ordinarily is inferred from the seller's possession of a predominant share of the market."

2

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 464 (1992) (quoting

*Fortner Enters., Inc. v. U.S. Steel Corp.*, 394 U.S. 495, 503 (1969)).

Assuming, without deciding, that Med Vets adequately alleged the existence

of a relevant market (the wholesale distribution to non-veterinary retailers of

unmeasured veterinary wellness and medication products), we conclude that the

district court correctly dismissed the complaint because Med Vets did not plausibly

allege market power. *See Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d

963, 972 (9th Cir. 2008). Med Vets alleges that after their merger, VIP Petcare and

PetIQ control more than 90 percent of the relevant market. That allegation is based

on two slides in a PetIQ presentation, which Med Vets excerpted in the complaint.

One shows that PetIQ purchased 90 percent of its supply from animal-health

suppliers—a figure that has no bearing on PetIQ's share of the market. The other

shows that PetIQ maintains a "95% Share of Rx in Retail," a figure that does not

show power in the *relevant* market, which Med Vets defined to include wholesale

(not retail) distribution of prescription and non-prescription "wellness and

medication products." Having failed to allege the market's relative proportion of

prescription and non-prescription goods or any facts pertaining to VIP Petcare and

PetIQ's share of the distribution market for non-prescription veterinary wellness

and medication products, Med Vets has not plausibly alleged market power. *See*

*Rick-Mik Enters.*, 532 F.3d at 972. Med Vets's remaining allegations are either too

conclusory or speculative to support a plausible claim that VIP Petcare and PetIQ have the ability to raise prices and restrict output. *See Eastman Kodak Co.*, 504 U.S. at 464.

2.　　Med Vets also challenges the district court's denial of expedited discovery. We review the order denying expedited discovery for abuse of discretion. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010). The district court's order "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). Med Vets argues that the denial of discovery resulted in prejudice because "there is a reasonable probability that dismissal would have been denied had discovery been granted." Curing pleading deficiencies is not, by itself, good cause for discovery. *See Iqbal*, 556 U.S. at 686 (when a "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovery, cabined or otherwise"). The district court did not abuse its discretion.

　　**AFFIRMED**.